IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARISA WOODHOUSE, | ) | |
|     Plaintiff, | ) | 1:11-cv-3559 |
| | ) | |
| v. | ) | |
| | ) | |
| VALENTINE & KEBARTAS, INC., | ) | |
|     Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Marisa Baldwin ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Valentine & Kebartas, Inc.. ("Valentine") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227(b).

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) for the FDCPA and TCPA claims, 15 U.S.C. §1692k for the FDCPA claims and supplemental jurisdiction over the TCPA claims pursuant to 28 U.S.C. §1367, if controlling caselaw regarding federal question jurisdiction for TCPA claims is overruled or abrogated.

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

## PARTIES

4. Plaintiff is an individual who resides in this District.

5. Valentine is a debt collection agency operating out of Lawrence, Massachusetts.

## FACTS

6. Valentine called plaintiff once or more in attempts to collect an alleged debt.

7. Valentine did not disclose that it was a debt collection agency in at least one of those calls, for which a voice mail was left, which was required pursuant to 15 U.S.C. § 1692e(11).

8. Valentine uses a predictive dialer to call debtors.

9. Upon information and belief, defendant called plaintiff's cell phone at least once using its predictive dialer.

## COUNT I - FDCPA

10. Plaintiff incorporates all paragraphs of this complaint.

11. Further, 15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose that he is, indeed a debt collector:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

12. Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and Torres was required to make the disclosures required by 15 U.S.C. § 1692e(11). *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill.

2

2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

13. The voice messages for Plaintiff failed to disclose that the communications were from a debt collector.

14. Furthermore, it is a violation of the FDCPA to violate the TCPA.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit; and

(3) Such other relief as the Court deems proper.

## **COUNT II - TCPA**

15. Plaintiff incorporates all paragraphs of this complaint.

16. Defendant called plaintiff's cellular telephone using a predictive dialer, in violation of the TCPA, 47 U.S.C. §227(b).

17. These violations were either negligent or willful.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against defendant for:

3

(1) Statutory damages of $500 per call, and up to $1,500 per call if found to be willful;

(2) Such other relief as the Court deems proper.

Respectfully submitted,

Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

**Document Preservation Demand**

Plaintiff hereby demands that defendant preserve all documents, recordings, data and other things that pertain to its dialer, any prerecorded messages, plaintiff, the account it was attempting to collect when it called plaintiff and any other subject matter that may be discoverable to this matter.

Alexander H. Burke

4